

1 GORDON W. RENNEISEN (SBN 129794)
CORNERSTONE LAW GROUP
2 595 Market Street, Suite 2360
San Francisco, CA 94105
3 Telephone: (415) 625-5025
Facsimile: (415) 655-8236
4 grenneisen@cornerlaw.com

5 Attorneys for Plaintiff
MELVYN L. SEGAL
6

7

8 **UNITED STATES DISTRICT COURT**

9 **NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**
10

11  **11** **5524**

12 MELVYN L. SEGAL, an individual,
**CASE NO.**

Plaintiff,
13 **COMPLAINT**

14 vs.
1. **Violations of 15 USC §1692**
ERICA L. BRACHFELD a.k.a. ERICA
2. **Violations of California Civil Code**
15 LYNN BRACHFELD SHUBIN, MARTIN S. **§1788**
BRACHFELD, THE BRACHFELD LAW
3. **Intentional Infliction of Emotional**
16 GROUP, P.C., and DOES 1-100, **Distress**
4. **Invasion of Privacy**
17 Defendants.

18 **DEMAND FOR JURY TRIAL**

19

20
Plaintiff Melvyn L. Segal hereby alleges as follows:
21
**INTRODUCTION**
22
1. This action addresses Defendants' unlawful and unfair debt collection practices.
23
2. Defendants have engaged in an intentional, malicious, months-long campaign of
24
harassment against Plaintiff Segal. Seeking to bully Plaintiff into paying an alleged debt,
25
Defendants have called his home almost daily, and sometimes multiple times over the course of
26
a day. Despite Segal's express, written requests that they cease harassing him, Defendants'
27
calls have continued for more than eight months.
28

3.    Through their conduct – including their ongoing, unwanted calls to Plaintiff's home – Defendants have violated both the Federal Fair Debt Collection Practices Act (the "FCDPA"), 15 U.S.C. § 1692 *et seq.*, and the California Rosenthal Fair Debt Collection Practices Act (the "Rosenthal Act"), Cal. Civil Code § 1788 *et seq.*

4.    Plaintiff seeks declaratory and injunctive relief, actual damages, additional damages and penalties pursuant to the FDCPA and the Rosenthal Act, punitive damages, costs, and attorneys' fees.

## THE PARTIES

5.    Plaintiff Melvyn L. Segal ("Segal") is an individual residing in the State of California and the City and County of San Francisco.

6.    At all relevant times, Defendant Erica L. Brachfeld, a.k.a. Erica Lynn Brachfeld Shubin , ("Erica Brachfeld") was an individual residing in the State of California, was licensed to practice law in the State of California, was doing business in the State of California, and was the principal of the Brachfeld Law Group, P.C. Erica Brachfeld is a debt collector within the meaning of 15 U.S.C. § 1692a(6).

7.    At all relevant times, Defendant The Brachfeld Law Group, P.C. ("BLG") was a professional corporation doing business in the State of California and with its principle place of business in El Segundo, California. BLG is a debt collector within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c). Plaintiff is informed and believes that BLG was founded by Erica Brachfeld and previously operated as Brachfeld & Associates, P.C.

8.    At all relevant times, Martin S. Brachfeld was an individual residing in the State of California. Plaintiff is informed and believes that Martin S. Brachfeld and/or corporate entities that he controls as his alter egos (collectively "Martin Brachfeld") purchase old, defaulted debt in batches; Martin Brachfeld is in the business of collecting on debts alleged to be due to others; and Martin Brachfeld is a debt collector within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

9.    Plaintiff is ignorant of the true names and capacities of Defendants sued as Does 1 through 100 in this complaint, and therefore sues these Defendants by such fictitious names.

COMPLAINT OF MELVYN L. SEGAL                2

1   Plaintiff will amend to allege the true names and capacities of Does 1 through 100 when

2   ascertained. Plaintiff is informed and believes and on that basis alleges that each of the

3   fictitiously-named Defendants is responsible in some manner for the occurrences alleged in this

4   complaint, and that Plaintiff's damages were proximately caused by these defendants.

5       10.   Plaintiff is informed and believes that, at all times mentioned in this complaint,

6   each of the Defendants was the agent, servant, or employee of each of the remaining

7   Defendants, and was acting within the course and scope of their authority as agents, servants, or

8   employees, and that each Defendant's conduct was authorized, permitted, consented to, and

9   ratified by their co-Defendants. As used in this complaint, the term "Defendants" means Erica

10  Brachfeld, Martin Brachfeld, BLG, and Does 1-100.

11              **JURISDICTION, VENUE, INTRADISTRICT ASSIGNMENT**

12      11.   Pursuant to 15 U.S.C. § 1331, this Court has subject matter jurisdiction over

13  Plaintiff's claims because this action arises under the laws of the United States. Jurisdiction also

14  arises pursuant to 15 U.S.C. 1692k(d), which states that FDCPA claims may be brought and

15  heard before "any appropriate United States district court without regard to the amount in

16  controversy," and 28 U.S.C. 1367, which grants this Court supplemental jurisdiction over

17  Plaintiff's state law claims.

18      12.   Pursuant to 28 U.S.C. § 1391(b), venue lies in the Northern District of California

19  because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred

20  within this District. Additionally, Plaintiff resides within this jurisdiction – in the City and

21  County of San Francisco – and Defendants a.e doing business here.

22      13.   Because the events or omissions giving rise to Plaintiff's claims occurred within

23  the County of San Francisco, assignment to the San Francisco Division is appropriate under

24  Local Civil Rule 3-2.

25              **GENERAL ALLEGATIONS**

26      14.   Defendants have employed unlawful and unfair debt collection practices in

27  attempting to force Plaintiff to pay an alleged debt that Segal purportedly incurred to Citigroup,

28  Inc., Citibank or an affiliated entity (the "Debt").

COMPLAINT OF MELVYN L. SEGAL                    3

15.    The Debt is a consumer debt: a debt that Segal allegedly incurred on a personal credit card.

16.    Segal disputes the validity of the Debt and the validity of Defendants' claims regarding it.

17.    Although the initial creditor on the purported Debt allegedly was Citigroup, Inc., Citibank or an affiliated entity (collectively "Citigroup), Plaintiff is informed and believes that Citigroup no longer has any interest in the Debt.

18.    Plaintiff is informed and believes that, after the Debt was allegedly in default, Martin Brachfeld purchased the Debt for a tiny fraction of its alleged amount; and, together with the other Defendants, Martin Brachfeld is seeking to collect upon the Debt for Defendants' benefit – not for the benefit of Citigroup.

19.    Defendants' principal business is the collection of debts. Each Defendant in the ordinary course of business engages in debt collection on behalf of himself or herself or others. Each Defendant regularly collects or attempts to collect, directly or indirectly, debts asserted to be owed or due to another. BLG identifies itself as "one of the nation's largest collection law firms" specializing in "securing the recovery of accounts receivable." Erica Brachfeld describes herself and her law firm as "collection attorneys" whose practice is "designed to recover . . . debts as quickly as possible."

20.    Plaintiff is informed and believes that Defendants regularly and deliberately violate the FDCPA and the Rosenthal Act in the ordinary course of their debt collection business: considering violations of the law to be effective ways of extracting money from consumers and treating consumer complaints and lawsuits as a mere costs of doing business. In the last two years alone, Erica Brachfeld and BLG have been sued for violations of the FDCPA and/or the Rosenthal Act in more than twenty federal actions.

21.    In this case, Defendants sought to collect the Debt allegedly due from Segal by placing incessant telephone calls to his home in San Francisco.

1    22.    Defendants began calling Segal at home in approximately February of 2011.

2  The agents or employees of Defendants called Segal and left messages for him in which they

3  stated that they were calling on behalf of BLG regarding collection of the Debt.

4    23.    On February 10, 2011, Segal wrote to BLG, notifying it that: "pursuant to the

5  Federal Fair Debt Collection Act, I request that you and your collectors cease and desist from

6  calling or contacting me regarding this meritless claim." A true and correct copy of this

7  correspondence (the "February 2011 Cease and Desist Letter) is attached hereto as Exhibit A

8  and is incorporated herein by reference.

9    24.    Despite receiving the February 2011 Cease and Desist Letter, Defendants

10  continued to harass Segal with repeated telephone calls to his home.

11    25.    On July 29, 2011, Segal again wrote to Defendants, sending a letter by certified

12  mail to Erica Brachfeld, Martin Brachfeld and BLG. On or about August 2, 2011, this letter

13  was received at BLG's offices located at 880 Apollo Street, Suite 155, El Segundo, California.

14  A true and correct copy of the letter (the "July 2011 Cease and Desist Letter") is attached hereto

15  as Exhibit B and is incorporated herein by reference.

16    26.    The July 2011 Cease and Desist letter states:

17  Dear Ms. Brachfeld and Mr. Brachfeld,

18  This is my second request to you and your law group, collectors,
   associates, agents and affiliates pursuant to the Federal Fair Debt
19  Collection Act, the State Rosenthal Act and the California Unfair
   Competition Act to cease and desist from contacting me by phone, email,
20  letter or any other form of communication, regarding the above alleged
   Citigroup debt purportedly owned or assigned to you or your law group.
21  There is no basis for this claim or your constant telephone harassment for
   the past five months. Since Feb 14, 2011, despite a previous request to
22  cease your violations of the [A]ct, your robo-calling operation has made
   over 90 calls causing me great mental and physical anguish. This is
23  intentional on the part of you and your agents. Please cease immediately.

24
25    27.    Notwithstanding receipt of the July 2011 Cease and Desist letter, Defendants did

   not stop barraging Segal with harassing telephone calls.
26
27    28.    Since February 10, 2011, Defendants have made improper, debt-collection calls

   to Segal's home at least 150 times. Defendants are still calling Segal's home. Sometimes
28

COMPLAINT OF MELVYN L. SEGAL                5

Defendants call Segal multiple times in a single day and sometimes – in violation of 15 U.S.C. §1692c(a)(1) – they call between 6:00 and 8:00 in the morning. Plaintiff is informed and believes that Defendants will continue to harass Segal with telephone calls unless and until they are enjoined from doing so.

29.     Segal has received no less than 150 calls from Defendants, including the calls that he received on the dates and times listed below.

| | | |
|---|---|---|
| 1. | 2/14/2011 | 6:15 PM |
| 2. | 2/14/2011 | 6:18 PM |
| 3. | 2/15/2011 | 6:00 PM |
| 4. | 2/16/2011 | 4:28 PM |
| 5. | 2/17/2011 | 12:25 PM |
| 6. | 2/18/2011 | 10:30 AM |
| 7. | 2/19/2011 | 8:45 AM |
| 8. | 2/21/2011 | 12:45 PM |
| 9. | 2/22/2011 | 5:00 PM |
| 10. | 2/24/2011 | 9:50 AM |
| 11. | 2/28/2011 | 8:55 AM |
| 12. | 3/2/2011 | 10:30 AM |
| 13. | 3/3/2011 | 9:25 AM |
| 14. | 3/4/2011 | 9:17 AM |
| 15. | 3/7/2011 | 6:30 PM |
| 16. | 3/9/2011 | 11:05 AM |
| 17. | 3/10/2011 | 11:15 AM |
| 18. | 3/11/2011 | 9:50 AM |
| 19. | 3/13/2011 | Time Unknown |
| 20. | 3/14/2011 | 11:00 AM |
| 21. | 3/17/2011 | 4:20 PM |
| 22. | 3/18/2011 | 9:15 AM |

| | | | |
|---|---|---|---|
| 1 | 23. | 3/18/2011 | 9:20 AM |
| 2 | 24. | 3/19/2011 | 10:30 AM |
| 3 | 25. | 3/21/2011 | 6:20 PM |
| 4 | 26. | 3/22/2011 | 9:25 AM |
| 5 | 27. | 3/22/2011 | 10:10 AM |
| 6 | 28. | 3/24/2011 | 11:00 AM |
| 7 | 29. | 3/26/2011 | 12:00 PM |
| 8 | 30. | 3/28/2011 | 11:00 AM |
| 9 | 31. | 3/29/2011 | 4:30 PM |
| 10 | 32. | 3/30/2011 | 7:59 AM |
| 11 | 33. | 3/31/2011 | 4:30 PM |
| 12 | 34. | 4/4/2011 | 6:40 PM |
| 13 | 35. | 4/4/2011 | 6:50 PM |
| 14 | 36. | 4/5/2011 | 9:50 AM |
| 15 | 37. | 4/6/2011 | 6:00 AM |
| 16 | 38. | 4/7/2011 | 3:00 PM |
| 17 | 39. | 4/9/2011 | 10:00 AM |
| 18 | 40. | 4/12/2011 | 4:30 PM |
| 19 | 41. | 4/14/2011 | 8:55 PM |
| 20 | 42. | 4/15/2011 | 9:30 AM |
| 21 | 43. | 4/16/2011 | 9:15 AM |
| 22 | 44. | 4/18/2011 | 5:30 PM |
| 23 | 45. | 4/20/2011 | 9:45 AM |
| 24 | 46. | 4/21/2011 | 8:10 AM |
| 25 | 47. | 4/26/2011 | 11:45 AM |
| 26 | 48. | 4/28/2011 | 3:00 PM |
| 27 | 49. | 4/29/2011 | 8:45 AM |
| 28 | 50. | 5/2/2011 | 11:30 AM |

| | | | |
|---|---|---|---|
| 51. | 5/3/2011 | 11:00 AM |
| 52. | 5/4/2011 | 3:00 PM |
| 53. | 5/5/2011 | 3:30 PM |
| 54. | 5/6/2011 | 9:30 AM |
| 55. | 5/9/2011 | 11:55 AM |
| 56. | 5/10/2011 | 11:30 AM |
| 57. | 5/11/2011 | 1:20 PM |
| 58. | 5/12/2011 | 8:40 AM |
| 59. | 5/12/2011 | 8:45 AM |
| 60. | 5/17/2011 | 10:00 AM |
| 61. | 5/17/2011 | 6:15 PM |
| 62. | 5/18/2011 | 12:30 PM |
| 63. | 5/23/2011 | 5:30 PM |
| 64. | 5/24/2011 | 10:10 AM |
| 65. | 5/25/2011 | 11:15 AM |
| 66. | 5/25/2011 | 4:00 PM |
| 67. | 5/26/2011 | 10:00 AM |
| 68. | 6/2/2011 | 3:30 PM |
| 69. | 6/6/2011 | 11:50 AM |
| 70. | 6/9/2011 | 1:20 PM |
| 71. | 6/11/2011 | 8:10 AM |
| 72. | 6/14/2011 | 10:45 AM |
| 73. | 6/15/2011 | 7:55 AM |
| 74. | 6/16/2011 | 11:00 AM |
| 75. | 6/21/2011 | 12:15 PM |
| 76. | 6/22/2011 | 12:15 PM |
| 77. | 6/23/2011 | 2:10 PM |
| 78. | 6/27/2011 | 4:00 PM |

COMPLAINT OF MELVYN L. SEGAL                    8

| | | | |
|---|---|---|---|
| 1 | 79. | 6/28/2011 | 9:30 AM |
| 2 | 80. | 6/30/2011 | 1:15 PM |
| 3 | 81. | 7/5/2011 | 11:30 AM |
| 4 | 82. | 7/8/2011 | 9:15 AM |
| 5 | 83. | 7/11/2011 | 10:25 AM |
| 6 | 84. | 7/12/2011 | 11:25 AM |
| 7 | 85. | 7/13/2011 | 8:59 AM |
| 8 | 86. | 7/13/2011 | 9:00 AM |
| 9 | 87. | 7/13/2011 | 9:50 AM |
| 10 | 88. | 7/14/2011 | 9:15 AM |
| 11 | 89. | 7/15/2011 | 8:45 AM |
| 12 | 90. | 7/15/2011 | 9:30 AM |
| 13 | 91. | 7/18/2011 | 11:45 AM |
| 14 | 92. | 7/19/2011 | 1:30 PM |
| 15 | 93. | 7/22/2011 | 9:20 AM |
| 16 | 94. | 7/24/2011 | 2:10 PM |
| 17 | 95. | 7/25/2011 | 12:05 PM |
| 18 | 96. | 7/26/2011 | 11:45 AM |
| 19 | 97. | 7/28/2011 | 9:50 AM |
| 20 | 98. | 7/29/2011 | 8:10 AM |
| 21 | 99. | 7/30/2011 | 8:40 AM |
| 22 | 100. | 7/31/2011 | 11:00 AM |
| 23 | 101. | 7/30/2011 | 12:00 PM |
| 24 | 102. | 8/1/2011 | 1:10 PM |
| 25 | 103. | 8/2/2011 | 3:00 PM |
| 26 | 104. | 8/3/2011 | 8:10 AM |
| 27 | 105. | 8/4/2011 | 9:00 AM |
| 28 | 106. | 8/8/2011 | 9:55 AM |

| | | | |
|---|---|---|---|
| 107. | 8/9/2011 | 3:15 PM |
| 108. | 8/10/2011 | 9:55 AM |
| 109. | 8/11/2011 | 8:05 AM |
| 110. | 8/12/2011 | 9:50 AM |
| 111. | 8/15/2011 | 11:31 AM |
| 112. | 8/16/2011 | 9:05 AM |
| 113. | 8/17/2011 | 1:10 PM |
| 114. | 8/18/2011 | 7:00 AM |
| 115. | 8/20/2011 | 8:55 AM |
| 116. | 8/22/2011 | 9:30 AM |
| 117. | 8/23/2011 | 10:00 AM |
| 118. | 8/24/2011 | 11:20 AM |
| 119. | 8/25/2011 | 9:40 AM |
| 120. | 8/27/2011 | 8:40 AM |
| 121. | 8/29/2011 | 11:20 AM |
| 122. | 8/31/2011 | 7:30 AM |
| 123. | 9/1/2011 | 10:40 AM |
| 124. | 9/2/2011 | 7:40 AM |
| 125. | 9/6/2011 | 9:30 AM |
| 126. | 9/10/2011 | 9:45 AM |
| 127. | 9/13/2011 | 9:30 AM |
| 128. | 9/14/2011 | 10:20 AM |
| 129. | 9/16/2011 | 9:20 AM |
| 130. | 9/19/2011 | 11:35 AM |
| 131. | 9/20/2011 | 10:00 AM |
| 132. | 9/21/2011 | 9:12 AM |
| 133. | 9/22/2011 | 8:55 AM |
| 134. | 9/23/2011 | 6:00 AM |

| | | |
|---|---|---|
| 135. | 9/24/2011 | 6:25 AM |
| 136. | 9/26/2011 | 10:20 AM |
| 137. | 9/27/2011 | 9:05 AM |
| 138. | 9/28/2011 | 8:35 AM |
| 139. | 9/29/2011 | 10:40 AM |
| 140. | 10/3/2011 | 11:20 AM |
| 141. | 10/4/2011 | Time Unknown |
| 142. | 10/5/2011 | 9:35 AM |
| 143. | 10/6/2011 | 6:10 AM |
| 144. | 10/7/2011 | 6:40 AM |
| 145. | 10/8/2011 | 6:20 AM |
| 146. | 10/10/2011 | 10:15 AM |
| 147. | 10/11/2011 | 9:50 AM |
| 148. | 10/12/2011 | 8:58 AM |
| 149. | 10/14/2011 | 9:25 AM |
| 150. | 10/19/2011 | 11:07 AM |
| 151. | 10/21/2011 | 6:50 AM |
| 152. | 10/24/2011 | 11:00 AM |
| 153. | 10/25/2011 | 9:10 AM |
| 154. | 10/26/2011 | 7:10 AM |
| 155. | 10/27/2011 | 10:50 AM |
| 156. | 11/01/2011 | 12:10 PM |
| 157. | 11/09/2011 | 2:20 PM |

## DEFENDANTS' ACTS ARE UNLAWFUL

30.    Defendants have repeatedly violated the FDCPA and the Rosenthal Act by, among other things:

a.    Continuing to call Segal after Segal provided written notification that he wished Defendants to cease further communication;

b.  Causing Segal's telephone to ring repeatedly or continuously with both the intent and effect of annoying and harassing Segal;

c.  Calling Segal with such frequency that the calls were unreasonable and constituted harassment; and

d.  Calling Segal as early as 6:00 in the morning and at other inconvenient times.

31.  Plaintiff is informed and believes that Defendants are well aware of the obligations, restrictions and requirements placed on them by the Rosenthal Act and the FDCPA, including the obligation to cease communication with any alleged debtor after being directed in writing to do so.  The BLG website states that BLG operates "contact centers. . . staffed with experienced collections personnel and Licensed Attorneys [all of whom are] tested on state and FDCPA law as a prerequisite to employment and tested annually thereafter."  Erica Brachfeld likewise asserts, on the Brachfeld & Associates, P.C. website, that she and the attorneys at her firm are knowledgeable regarding the FDCPA.

32.  The February 2011 Cease and Desist Letter expressly notified Defendants in writing that Segal wished them to cease further communication with him.

33.  Segal is informed and believes that Defendants received the February 2011 Cease and Desist Letter on or about February 13, 2011.

34.  Each telephone call that Defendants placed to Segal on or after February 14, 2011 constituted a knowing, willful, or intentional violation of the Rosenthal Act and the FDCPA.

**DEFENDANTS INVADED PLAINTIFF'S PRIVACY**

35.  By repeatedly and continuously calling Plaintiff at his home, Defendants intruded into Plaintiff's private place and penetrated his zone of privacy.

36.  Defendants' unwanted, aggressive, and harassing intrusions upon Plaintiff's privacy and seclusion were unreasonable and were highly offensive to Segal.

## DEFENDANTS INTENTIONALLY CAUSED PLAINTIFF
## TO SUFFER EMOTIONAL DISTRESS

37. Plaintiff is informed and believes that Defendants regularly use harassing telephone calls as a tactic in the ordinary course of their debt collection business: deliberately browbeating an alleged debtor with a continuous barrage of telephone calls until the alleged debtor becomes so distraught that he is willing to make payments to Defendants simply to bring an end to the harassing phone calls.

38. Plaintiff has been victimized by this tactic. Defendants have subjected him to more than 150 telephone calls with the intent of causing him emotional distress or with reckless disregard for the probability that their calls would cause Plaintiff emotional distress.

39. Further, by deliberately and repeatedly calling Plaintiff after receiving written notification that Plaintiff wished Defendants to stop the calls, Defendants intended to cause Segal emotional distress or acted with reckless disregard for the probability that their calls would cause Plaintiff emotional distress.

40. Defendants' conduct was extreme and outrageous and caused Plaintiff to suffer severe emotional distress.

## PLAINTIFF SUFFERED DAMAGES

41. Defendants placed repeated phone calls to Plaintiff: disrupting Plaintiff's meals, daily routine activities, ability to sleep, and health and well-being.

42. Defendants' repeated and continuous calling caused Plaintiff to feel worried, panicked, sad, and anxious, such that it adversely affected his relationships with his friends and family.

43. As a direct result of Defendant's' harassing communications, Plaintiff has incurred actual damages consisting of mental and emotional distress, nervousness, grief, embarrassment, loss of sleep, anxiety, worry, mortification, shock, humiliation, indignity, pain and suffering, and other injuries.

44.     Plaintiff also has incurred, and will continue to incur, attorneys' fees and costs in filing this suit in order to end Defendants' harassing conduct and to enforce Defendants' liability under the FDCPA and the Rosenthal Act.

## DEFENDANTS' MALICIOUS CONDUCT

45.     The conduct of Defendants, as described in this complaint, was oppressive and malicious, and entitles Plaintiff to an award of punitive damages against Defendants – in an amount commensurate with each Defendant's net worth.

## FIRST CAUSE OF ACTION

### (28 U.S.C. § 1692 *et seq.*)

### (Against All Defendants)

46.     Plaintiff realleges and incorporates the allegations of paragraphs 1 through 45 as though fully set forth herein.

47.     By harassing Segal with more than 150 telephone calls, by calling Segal after receiving written notice of Segal's wish that they cease communication with him, and through the other conduct described above, Defendants have violated the FDCPA: including, without limitation, 15 U.S.C. §1692c and 15 U.S.C. §1692d.

48.     As a result of Defendants' violations of the FDCPA, and pursuant to 15 U.S.C. §1692k, Plaintiff is entitled to recover his actual damages, statutory damages, costs, and attorneys' fees.

## SECOND CAUSE OF ACTION

### (Cal. Civil Code § 1788 *et seq.*)

### (Against All Defendants Except Erica Brachfeld)

49.     Plaintiff realleges and incorporates the allegations of paragraphs 1 through 48 as though fully set forth herein.

50.     By harassing Segal with more than 150 telephone calls, by calling Segal after receiving written notice of Segal's wish that they cease communication with him, and through the other conduct described above, Defendants have violated the Rosenthal Act: including, without limitation, Cal. Civil Code §§ 1788.11, 1788.17, and 1788.30.

51.     As a result of Defendants' violations of the Rosenthal Act, and pursuant to Cal. Civil Code §§ 1788.30, Plaintiff is entitled to recover his actual damages, costs, attorneys' fees, and a civil penalty for each harassing phone call that Defendants have made to Segal since February 14, 2011 and for each other violation of the Rosenthal Act committed by Defendants.

52.     Plaintiff does not assert this Second Cause of Action against Erica Brachfeld.

### THIRD CAUSE OF ACTION

### (Invasion of Privacy)

### (Against All Defendants)

53.     Plaintiff realleges and incorporates the allegations of paragraphs 1 through 48 as though fully set forth herein.

54.     By harassing Segal with more than 150 telephone calls, by calling Segal after receiving written notice of Segal's wish that they cease communication with him, and through the other conduct described above, Defendants have unlawfully invaded Plaintiff's privacy.

55.     Plaintiff has incurred actual damages as a result of Defendants' invasion of his privacy and is entitled to recover those damages.

### FOURTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

### (Against All Defendants)

56.     Plaintiff realleges and incorporates the allegations of paragraphs 1 through 48 as though fully set forth herein.

57.     By harassing Segal with more than 150 telephone calls, by calling Segal after receiving written notice of Segal's wish that they cease communication with him, and through the other conduct described above, Defendants have caused Plaintiff to suffer emotional distress and to incur related damages.

58.     Defendants acted with the intention of causing, or with reckless disregard for the probability of causing, emotional distress to Segal.

59.     Plaintiff is entitled to recover the damages he has incurred as a result of this emotional distress.

COMPLAINT OF MELVYN L. SEGAL                    15

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

1.    For declaratory relief against Defendants, declaring the practices described herein to constitute violations of the Fair Debt Collection Practices Act and of California's Rosenthal Act;

2.    For injunctive relief against Defendants, restraining them from any further contact with Plaintiff and from committing any further violations of the FDCPA or the Rosenthal Act with respect to Plaintiff;

3.    For damages according to proof;

4.    For such additional damages as the Court may allow pursuant to 15 U.S.C. § 1692k;

5.    For penalties for each of Defendants' violations of the Rosenthal Act in such amounts as the Court may allow pursuant to Cal. Civil Code § 1788.30;

6.    For punitive and exemplary damages;

7.    For attorneys' fees and litigation expenses;

8.    For costs of suit;

9.    For prejudgment interest to the extent permitted by law; and

10.    For such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial as provided by Rule 38 of the Federal Rules of Civil Procedure.

Dated: November 15, 2011                                    CORNERSTONE LAW GROUP


                                                           By _____
                                                              Gordon W. Renneisen
                                                              Attorneys for Plaintiff Melvyn L. Segal

Exhibit A

FEB 10, 2011

BRANCHFELD LAW GROUP
880 APOLLO STREET
SUITE 155
EL SEGUNDO, CA 90245

CITICARD
MEL SEGAL

GENTLEMEN,

Pursuant to the FEDERAL FAIR Debt
Collection Act I REQUEST that you And
your COLLECTORS CEASE And DESIST FROM
CALLING OR CONTACTING ME REGARDING
this MERITLESS CLAIM.

YOURS TRULY
MEL SEGAL
1177 CALIFORNIA St
SAN FRANCISCO, CA 94108

Exhibit B

CERTIFIED MAIL

July 29, 2011

ERICA BRACHFELD
MARTIN BRACHFELD
BRACHFELD LAW GROUP
880 Apollo Street
Suite 155
El Segundo, CA 90245

CITIGROUP
v
MEI SEGAl

DEAR MS BRACHFELD AND MR. BRACHFELD,

This is my SECOND REQUEST to you AND YOUR LAW GROUP, COLLECTORS, ASSOCIATES, Agents AND AFFILATES PURSUANT TO THE FEDERAl FAIR Debt COLLECTION ACT, THE STATE ROSENTHAl ACT AND the CALIFORNIA UNFAIR COMPETITION ACT to CEASE AND DESIST FROM CONTACTING ME by PHONE, EMAIL, LETTER OR ANY OTHER FORM OF COMMUNICATION REGARDING THE ABOVE ALLEGED CITIGROUP debt PURPORTEDLY OWNED OR ASSIGNED to you OR YOUR LAW GROUP. THERE IS NO BASIS FOR this CLAIM OR YOUR CONSTANT TELEPHONE HARRASMENT FOR THE PAST 6 MONTHS

Since Feb 14, 2011 despite a previous request to cease your violations of the Act your Robo calling operations has made over 90 calls causing me great mental and physical anguish. This is Intentional on the part of you and your Agents. PLEASE CEASE immediately

Yours Truly

MEL SEGAl

1177 California St
San Francisco, CA 94108

C.C. FILE