IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MELVYN L SEGAL,

    Plaintiff,

v.

ERICA L BRACHFELD, et al.,

    Defendants.

No. C -11-05524 EDL

**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT**

In this debt collection case, Plaintiff alleges that Defendants, and in particular the Brachfeld Law Group ("BLG"), harassed him by placing calls to his home in an attempt to collect a consumer debt. Plaintiff has filed a Motion to Amend the Complaint, proposing three primary amendments: (1) dropping Martin Brachfeld as a Defendant; (2) adding allegations that BLG is Defendant Erica Brachfeld's alter ego; and (3) adding LVNV Finding, which is alleged to be the owner of the debt and Resurgent, which is alleged to be LVNV's agent, as Defendants. On August 28, 2012, the Court held a hearing on Plaintiff's motion. For the reasons stated at the hearing and in this Order, the Court grants Plaintiff's Motion to Amend.

**Discussion**

Defendants do not oppose the addition of alter ego allegations against Erica Brachfeld. In addition, as stated at the hearing, the Court dismisses Martin Brachfeld without prejudice. Accordingly, Plaintiff's Motion to Amend is granted as to those proposed amendments.

The crux of the dispute between the parties is whether Plaintiff should be able to amend his complaint to add BLG's clients, LVNV Funding and Resurgent, as Defendants. A party's right to

amend his or her pleadings is generally governed by Rule 15(a):

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e) or (f), whichever is earlier. (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

In <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962), the Supreme Court declared that the requirement of Rule 15(a) that leave to amend shall be freely given when justice so requires "is to be heeded." The Ninth Circuit has directed district courts to apply the rule favoring amendments to pleadings with "extreme liberality." <u>DCD Programs, Ltd. v. Leighton</u>, 833 F.2d 183,186 (9th Cir. 1987).

In determining whether to allow leave to amend, courts should consider: (1) any bad faith/dilatory motive of the moving party; (2) any prejudice to the opposing party; (3) undue delay; and (4) the futility of the proposed amendment. <u>Jackson v. Bank of Hawaii</u>, 902 F. 2d 1385, 1387 (9th Cir. 1990). Here, there is no dispute that adding LVNV and Resurgent would not be futile. Ultimately, prejudice is the critical factor in considering motions for leave to amend. <u>Howey v. U.S.</u>, 481 F.2d 1187, 1190 (9th Cir. 1973). The party opposing the amendment bears the burden of showing prejudice. <u>See</u> <u>DCD Programs, Ltd. v. Leighton</u>, 833 F.2d 183, 190 (9th Cir. 1987).

The proposed amended complaint alleges that LVNV is a consumer debt purchaser that acquires consumer debts in default and then seeks to collect on those claims. Proposed FAC ¶ 8(a). Resurgent is alleged to be the master servicer for charged off consumer debt owed by LVNV, servicing, administering and collecting LVNV's charged-off receivables. Proposed FAC ¶ 8(b). Plaintiff alleges that LVNV purchased the debt at issue in this case for a "tiny fraction of its alleged amount" and together with other Defendants, LVNV is seeking to collect on the debt for Defendants' benefit. Proposed FAC ¶ 18.

### 1. **Bad faith/undue delay**

Plaintiff argues that as soon as it became clear that the June 21, 2012 mediation had not resolved this case, Plaintiff promptly notified Defendants that he intended to move to amend the complaint. <u>See</u> July 2, 2012 Joint CMC Statement at 7. Defendants, however, argue that Plaintiff has unduly delayed in bringing this motion. Plaintiff admits to learning of LVNV in March 2012.

2

See Renneisen Decl. ¶ 6; Reply at 5. Plaintiff also states that after learning that LVNV was the owner of the debt, Plaintiff researched claims against LVNV and determined that LVNV and Resurgent should be sued together. Renneisen Decl. ¶ 9. Plaintiff states that until March 2012, Plaintiff did not know that LVNV was the owner of the alleged debt. Reply Reneissen Decl. ¶ 8.

Defendants argue that Plaintiff must have known about both LVNV and Resurgent because they were likely included on the "countless letters" sent to Plaintiff before litigation. Defendants, however, do not produce any such letter, and so there has been no evidentiary showing that Plaintiff should have known about LVNV/Resurgent before March 2012 when Defendants told Plaintiff.

It is clear that Plaintiff knew about LVNV as early as March 2012, so there has been some delay in bringing this motion to amend. However, the delay of about four months was not undue, and there has been no showing of bad faith.[1] See Abels v. JBC Legal Group, 229 F.R.D. 152, 156 (N.D. Cal. 2005) (finding that there was no undue delay where a plaintiff sought to amend the complaint to add a defendant ten months after the original complaint was filed and one month after finding out about the additional defendant, particularly where the discovery deadline had not yet passed). The parties attended a mediation in June 2012, and it was reasonable and not in bad faith for Plaintiff to wait to bring in new parties until the case had been through mediation. Further, there are no pretrial or trial dates set in this case.

**2. Prejudice to Defendants**

Ultimately, prejudice is the critical factor in considering motions for leave to amend. Howey v. U.S., 481 F.2d 1187, 1190 (9th Cir. 1973); Eminence Capital LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) ("Not all of the factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight. Prejudice is the 'touchstone of the inquiry under rule 15(a).'") (internal citations omitted). The party opposing the amendment bears the burden of showing prejudice. See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 190 (9th Cir. 1987). To deny leave to amend, the prejudice must be substantial. Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir.1990).

---

[1] Defendants' argument regarding bad faith appears to rest on their characterization of events that occurred at the mediation in this case. The Court disregards Defendants' arguments based on conduct at the mediation as they violate ADR Local Rule 6-12.

3

In general, Defendants argue that they would be prejudiced by the amendment adding LVNV and Resurgent because Defendants took strategic steps based on the original complaint, such as "admitting liability" (while also asserting a complete defense to liability) by acknowledging making continued phone calls after receiving Plaintiff's cease and desist letter, and tendering fees and damages, which they would not have taken had BLG been in a position of having also to defend its client LVNV/Resurgent simultaneously. At the hearing, the Court noted that any facts that Defendants have admitted would not be different even if LVNV and Resurgent were in this case. Defendants claimed, however, that they would have taken different steps in this case because LVNV/Resurgent might not have wanted current Defendants' attorneys, who are sometimes also their attorneys, to make certain factual concessions. But the facts of what phone calls were made by, or on behalf of, Defendants BLG and Brachfeld are not subject to dispute, and the admission was only made on their behalf. Moreover, as discussed at the hearing, the only issue with respect to LVNV/Resurgent is whether they could be vicariously liable for BLG's conduct. Defendants have not demonstrated that substantial prejudice would result if the amendment is permitted. Defendants may file an answer to the amended complaint. There are no pretrial or trial dates in this case. Thus, for these reasons and because motions for leave to amend are freely granted, Plaintiff's Motion to Amend the Complaint to add LVNV and Resurgent is granted.

Plaintiff stated at the hearing that he intended to conduct expansive discovery about Plaintiff's theory that the business model of Defendants and LVNV/Resurgent depends entirely on violating the FDCPA, and that he would conduct this discovery whether or not LVNV and Resurgent were in this case. The Court cautions Plaintiff that this type of discovery may not be relevant if the only basis for liability against LVNV and Resurgent is vicarious, and notes that the only conduct of which Plaintiff complains in this case is phone calls made to Plaintiff by, or on behalf of, Defendants BLG and Brachfeld with respect to Plaintiff's alleged consumer debt.

**Conclusion**

Plaintiff's Motion to Amend the Complaint is granted. Plaintiff shall file the amended complaint no later than September 7, 2012. A case management conference is set for October 30, 2012. The parties shall file a joint case management conference statement no later than October 23,

4

1 | 2012.

2 |     IT IS SO ORDERED.

3 | Dated: August 31, 2012

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge