# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MELVYN L. SEGAL,**<br><br>    **Plaintiff,**<br><br>vs.<br><br>**ERICA L. BRACHFELD, et al.,**<br><br>    **Defendants.** | **Case No.: C-11-5524 EDL (KAW)**<br><br>**ORDER TO SHOW CAUSE** |

This matter was set for a settlement conference on September 17, 2012. My standing order requires that lead trial counsel appear at the settlement conference, and that any party who is not a natural person be represented by a person with full authority to negotiate a settlement. The order also explains that a person who needs to call another person not present before agreeing to any settlement does NOT have full authority.

On September 10, 2012, Defendants submitted a request to excuse the attendance of Defendant Erica Brachfeld at the settlement conference. Defendants wrote that Brachfeld "has no personal knowledge of this matter and is entitled to defense and indemnity from The Brachfeld Law Group" and "has no control over settlement of this matter," and that a "representative of BLG *intimately familiar* with this matter and with full settlement authority will be present for the settlement conference." Dkt #37 at 2 (emphasis added). Based on these representations, I excused Erica Brachfeld from personally attending the settlement conference.

At the settlement conference, no representative of BLG was present. The only person present on behalf of Defendants was Rekha Tavva Daran, who stated she had been retained by Defendants to appear at the settlement conference only. It appeared that she had very little knowledge of the facts and history of the case. She certainly was not "intimately familiar with the case," and was unable to articulate a factual basis for the amount of settlement authority she said she had been given.

After receiving a demand from Plaintiff, Ms. Daran asked to make a phone call to her client before responding to the demand, and then appeared to spend half of an hour on the phone with, among other people, Erica Brachfeld. I finally had to interrupt the call and ask why the clients on the phone, who seemed to be more familiar with the case and had true settlement authority, were not at the settlement conference. Then, a person on the phone, who identified himself as David Ward, the vice president of Compliance at BLG, and an attorney, requested to be allowed to appear by telephone at the settlement conference, to discuss his investigation of the case. I denied the request because he had not filed a request to appear telephonically prior to the settlement conference.

While Ms. Daran may have been a fill-in legal representative for BLG due to the previous attorney's withdrawal from the case, she was not a true representative of BLG with sufficient knowledge of the case or full settlement authority. As a result, it was impossible to engage in meaningful settlement negotiations. Defendants' blatant disregard for the Court's standing order wasted more than two hours of the Court's and Plaintiff's time.

///

///

It is hereby ORDERED that:

1. Within seven days of the date of this order, Defendants and Defendants' counsel shall each show cause why they should not be sanctioned and/or reported to the state bar for making false misrepresentations to the Court, and for failing to comply with the undersigned's standing order.

2. Within seven days of this order, Plaintiff's counsel shall file a declaration setting out his costs and fees for attending the September 17 settlement conference.

3. A continued settlement conference is set for September 28, 2012, at 11 a.m. Defendants, including Erica Brachfeld and anyone else with full authority to settle this case, must be present at the settlement conference. Telephone calls will not be allowed during the settlement conference.

Failure to comply with this order may result in the imposition of sanctions.

**DATE: September 17, 2012**

**KANDIS A. WESTMORE**
**UNITED STATES MAGISTRATE JUDGE**