UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVYN L. SEGAL,<br><br>      Plaintiff,<br><br>    vs.<br><br>ERICA L. BRACHFELD, et al.,<br><br>      Defendants. | Case No.: C-11-5524 EDL (KAW)<br><br>ORDER IMPOSING SANCTIONS |

On September 17, 2012, I ordered Defendants and Defendants' counsel to each show cause why they should not be sanctioned for making false misrepresentations to the Court, and for failing to comply with my settlement conference standing order. On September 19, Defendant Erica Brachfeld, who is currently listed as an attorney for Defendants, filed a declaration in response to the order to show cause. Even though the order to show cause specifically required Defendants and each attorney to show cause why they should not be sanctioned, no other Defendant or attorney filed a response,[1] and Ms. Brachfeld's filing fails to sufficiently respond to the order to show cause. For the following reasons, Defendants Erica Brachfeld and/or the Brachfeld Law Group are ordered to pay sanctions of $1,675.20 to Plaintiff.

///

///

---

[1] Defendants LVNV Funding, LLC, and Resurgent Capital Services, LP, have not yet appeared in this case.

**I.   Background**

As explained in the Court's September 17 order:

This matter was set for a settlement conference on September 17. My standing order requires that lead trial counsel appear at the settlement conference, and that any party who is not a natural person be represented by a person with full authority to negotiate a settlement. The order also explains that a person who needs to call another person not present before agreeing to any settlement does NOT have full authority.

On September 10, 2012, Defendants submitted a request to excuse the attendance of Defendant Erica Brachfeld at the settlement conference. Defendants wrote that Brachfeld "has no personal knowledge of this matter and is entitled to defense and indemnity from The Brachfeld Law Group" and "has no control over settlement of this matter," and that a "representative of BLG *intimately familiar* with this matter and with full settlement authority will be present for the settlement conference." Dkt #37 at 2 (emphasis added). Based on these representations, I excused Erica Brachfeld from personally attending the settlement conference.

At the settlement conference, no representative of BLG was present. The only person present on behalf of Defendants was Rekha Tavva Daran, who stated she had been retained by Defendants to appear at the settlement conference only. It appeared that she had very little knowledge of the facts and history of the case. She certainly was not "intimately familiar with the case," and was unable to articulate a factual basis for the amount of settlement authority she said she had been given.

After receiving a demand from Plaintiff, Ms. Daran asked to make a phone call to her client before responding to the demand, and then appeared to spend half of an hour on the phone with, among other people, Erica Brachfeld. I finally had to interrupt the call and ask why the clients on the phone, who seemed to be more familiar with the case and had true settlement authority, were not at the settlement conference. Then, a person on the phone, who identified himself as David Ward, the vice president of Compliance at BLG, and an attorney, requested to be allowed to appear by telephone at the settlement conference, to discuss his investigation of the case. I denied the request because he had not filed a request to appear telephonically prior to the settlement conference.

While Ms. Daran may have been a fill-in legal representative for BLG due to the previous attorney's withdrawal from the case, she was not a true representative of BLG with sufficient knowledge of the case or full settlement authority. As a result, it was impossible to engage in meaningful settlement negotiations. Defendants' blatant disregard for the Court's standing order wasted more than two hours of the Court's and Plaintiff's time.

Dkt # 41. Plaintiff's counsel was ordered to file a declaration setting out Plaintiff's expenses for attending the September 17 settlement conference. He complied with this order. *See* Dkt #45.

Defendant Erica Brachfeld's declaration in response to the order to show cause states that the Brachfeld Law Group unexpectedly terminated its general counsel during the week before the settlement conference. Dkt #43 at 1. The declaration states that Defendants Brachfeld Law Group, Erica Brachfeld, LVNV Funding LLC, and Resurgent Capital Services will be substituting in new lead counsel to appear at the September 28 settlement conference, and that this lead counsel will have "full authority to negotiate a settlement as required by Honorable Judge Westmore's Standing Order." *Id.* at 2. The declaration further states that "Defendants and Defendants' Counsel will...come [to the September 28 settlement conference] prepared to offer the amount Defendants feel is justified in light of Defendants' internal investigations." *Id.*

## II. Rule 16(f) Sanctions

Federal Rule of Civil Procedure 16(f) provides that if a party or an attorney is substantially unprepared to participate or does not participate in good faith in a pretrial conference, the Court must order the party to pay the reasonable expenses incurred by its noncompliance, unless the noncompliance was substantially justified or other circumstances make the award of expenses unjust. Settlement conferences are pretrial conferences for the purposes of this rule. *See Ayers v. City of Richmond*, 895 F.2d 1267, 1270 (9th Cir. 1990).

As explained above, Defendants' attorney was substantially unprepared to participate in the settlement conference. Ms. Brachfeld's declaration does not establish that Defendants' attorney's unpreparedness was substantially justified, or that other circumstances exist that would make sanctions unjust. Although the declaration states that general counsel was unexpectedly terminated before the settlement conference, it does not explain why, contrary to my standing order and to Defendants' representations in their September 10 filing, the attorney who appeared at the settlement conference lacked even a basic knowledge of the case. The declaration does not explain why Ms. Brachfeld and David Ward, who apparently did have

3

knowledge of the case, did not appear at the settlement conference, or why no personal representative of Defendants with full settlement authority was present at the settlement conference. Accordingly, sanctions consisting of Plaintiff's reasonable expenses must be awarded under Rule 16(f).

Plaintiff's counsel's declaration claims an hourly rate of $550 for this case, which I find to be reasonable given his experience and previous hourly rates. Plaintiff's counsel declares that he spent three hours travelling to and from and attending the settlement conference.[2] Plaintiff and Plaintiff's counsel also each spent $12.60 travelling to and from the conference. The Court therefore orders Defendants to pay Plaintiff $1,675.20 within seven days of the date of this order.

### III.   Additional Bad Faith Conduct

As noted above, the Court ordered Defendants and Defendants' counsel to each show cause why they should not be sanctioned for making misrepresentations to the Court in their September 10 request to excuse the attendance of Erica Brachfeld at the settlement conference. In this request, Defendants wrote that Ms. Brachfeld "has no personal knowledge of this matter and is entitled to defense and indemnity from The Brachfeld Law Group" and "has no control over settlement of this matter," and that a "representative of BLG intimately familiar with this matter and with full settlement authority will be present for the settlement conference." Dkt #37 at 2. But the attorney who appeared at the settlement conference on behalf of Defendants, Ms. Daran, called Ms. Brachfeld for instructions when Ms. Daran was told that she needed to justify the limited amount of settlement authority that she had been given. This shows that Ms. Brachfeld likely had knowledge of the facts of the case and also had at least some control, if not total control, over the settlement of the case. Further, the Court's standing order expressly states that a person who needs to call another person not present before agreeing to any settlement does not have full authority.

---

[2] Plaintiff's counsel also declares that he and Plaintiff had a pre-conference meeting and a post-conference lunch meeting. The Court will not award fees for this time because it is not clear that any of this time was spent solely preparing for the September 17 settlement conference.

4

Ms. Brachfeld's response to the order to show cause offers no justification or explanation for these misrepresentations. Although the declaration states that general counsel was unexpectedly terminated, it does not state that general counsel prepared and filed the request for Ms. Brachfeld to be excused from personally attending the settlement conference without the permission or knowledge of Ms. Brachfeld or the other Defendants. Nor does it clarify whether or not Ms. Brachfeld has any control over the settlement of this matter. The Court must therefore draw its own conclusion, given that Ms. Brachfeld seemed to be in control via telephone at the September 17 settlement conference.

As Defendants have not offered any explanation or justification for the misrepresentations, I find that Defendants and Defendant's former attorney, John Birdt, made these misrepresentations to the Court in bad faith. It would be appropriate to impose additional sanctions for this conduct. *See Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001) (court has the inherent authority to impose sanctions for bad faith conduct).

However, as Plaintiff and Plaintiff's counsel will be awarded their reasonable expenses under Rule 16(f), the Court declines to exercise its discretion to impose any additional sanctions. Defendants and their counsel are cautioned that they will be sanctioned for any further violations of the Court's orders. Notably, my standing order requires that "[l]ead trial counsel shall appear at the settlement conference *with the parties*. Any party who is not a natural person shall be represented by the person(s) with full authority to negotiate a settlement . . . A person *who needs to call another person* not present before agreeing to any settlement does not have full authority" (emphasis added). Ms. Brachfeld's response to the order to show cause states, "Defendants and Defendants' Counsel . . . will come prepared to offer the amount Defendants feel is justified in light of Defendants' internal investigations." Dkt #43 at 2. Although this sentence is somewhat ambiguous, Defendants are cautioned that their representative or representatives at the settlement conference must have *full authority*; that is, the representative must not have a dollar limit on his or her authority imposed by an individual not present at the settlement conference. Allowing a representative with limited

authority to appear on behalf of a party would defeat the purpose of the negotiations that take place at the settlement conference.

## IV. Conclusion

It is hereby ORDERED that within seven days of the date of this order, Defendants Erica Brachfeld and/or the Brachfeld Law Group must pay $1,675.20 to Plaintiff.

**DATE: September 26, 2012**

**KANDIS A. WESTMORE**
**UNITED STATES MAGISTRATE JUDGE**